USCA1 Opinion

 

 June 24, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2230 SIGFRIDO TORRES LAZARINI, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., Senior U.S. District Judge] __________________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Rafael A. Oliveras Lopez De Victoria on brief for appellant. ____________________________________ Guillermo Gil, United States Attorney, and Fidel A. Sevillano Del _____________ ______________________ Rio, Assistant United States Attorney, on brief for appellee. ___ ____________________ ____________________ Per Curiam. After careful review of the briefs and __________ the record, we conclude that there is no substantial question presented in this appeal and that summary disposition is appropriate. The district court correctly determined that plaintiff's claim was time-barred, and we add only the following comments. Although plaintiff's 1990 claim may have been timely as to those few incidents occurring in 1989 and 1990, plaintiff did not identify any of those more recent incidents as the cause of significant harm. Accordingly, in the context of this appeal, we do not consider them to be individually actionable torts that should survive the government's motion to dismiss.  In any case, plaintiff does not appear to state a claim based on any individual incidents; instead, as we read plaintiff's complaint and other filings, his underlying claim is one of institutional discrimination manifesting itself from time to time since 1953 in various actions by various Veterans Administration personnel. Such a claim might be timely under the Federal Tort Claims Act, 28 U.S.C.  2401(b), if the claim alleged a "continuing tort" and at least one tortious action occurred within the statutory limitations period. See, e.g., Havens Realty Corp. v. __________ _____________________ Coleman, 455 U.S. 363, 380-81 (1982); Johnson v. Rodriguez, _______ _______ _________ 943 F.2d 104, 108 (1st Cir. 1991), cert. denied, 502 U.S. _____________ -2- 1063 (1992); Page v. United States, 729 F.2d 818, 818-19 ____ _____________ (D.C. Cir. 1984); Gross v. United States, 676 F.2d 295, 299- _____ _____________ 300 (8th Cir. 1982).  We agree with the district court that plaintiff's claim cannot be characterized as a "continuing tort," in that plaintiff made no cognizable showing of any relation among the various acts complained of, even assuming that those acts were tortious. Plaintiff's own unsupported speculation and improbable inference about the VA's "plan" to deny him treatment and benefits was not sufficient to withstand the government's motion for summary judgment. See Mack v. Great ___ ____ _____ Atlantic & Pacific Tea Co., 871 F.2d 179, 182-83 (1st Cir. ___________________________ 1989) (mere vague references concerning a policy of discrimination are not sufficient); Medina-Munoz v. R.J. ____________ ____ Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) ______________________ (similar). Therefore, plaintiff's complaint based on all the events stretching back over more than forty years was not timely filed, and the district court properly granted summary judgment for the government. Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -3-